TRUEMPER *v.* BURNETTE.

Opinion delivered January 13, 1930.

*Moore & Moore* and *Jo M. Walker,* for appellant.

*W. G. Dinning,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment for $2,907.50, rendered in the circuit court of Phillips County in favor of appellees against appellant for one-half the original cost of a brick wall, less the cost of a portion thereof, which was not restored after same was injured by fire. The original wall was constructed by appellees, partly on their lot and partly on appellant's, which lots adjoined, under a written agreement that appellant would pay them one-half of the actual cost of the

wall before using same in any way, except to attach the north side of his present warehouse thereto.

It was in contemplation of the parties, at the time the contract was made, that appellees would immediately build a two-story brick house on their lot, and that later appellant would build a two-story brick house on his, and that then the wall in question should become a party wall upon the payment of one-half the cost thereof by appellant to appellees. Appellees constructed a two-story brick building on their lot in 1920, one-half of the south wall of which extended over on the lot belonging to appellant. The actual cost of the wall was agreed upon, and attached to the written contract as a part thereof.

Appellees' building was destroyed by fire in 1926, and the wall in question was damaged. After the fire appellees repaired the first story of the wall in question, and used same in the construction of a one-story brick building. In repairing the wall they built a ledge out several inches near the top thereof so that it might be used by appellant when he built his house. Subsequently, appellant built a one-story brick building on his lot, the north wall of which was made of brick, mortar and cement about eighteen inches thick. It was constructed by pouring the mixture against the wall built by appellees, and behind the temporary frame wall erected that distance from the wall in question so as to support the mixture until it hardened sufficiently to stand. The joists of appellant's building rested upon this concrete wall. The rafters of the roof rested upon the ledge mentioned above, and the roof was flashed into the ledge, a part of the way, and into a brick laid on top of the ledge the balance of the distance.

The cause was sent to the jury over appellant's objection, upon the theory that he would be liable to appellees for one-half the cost of the original wall less the cost of the portion thereof not restored after the fire, provided appellant had used the wall constructed by appellees in any way.

Appellant contends the trial court erred in submitting to the jury the question whether he used the wall in

any way built and repaired by appellees, for the reason that the undisputed evidence reflects that his north wall was constructed by pouring a concrete wall between a frame, erected by him, and the wall built by appellees, upon which the joists of his building rested, and that he used the ledge extending out of appellees' wall over his own land as a support for his roof; and that these acts did not constitute a use in any way of the wall constructed and repaired by appellees. Appellant's conclusion that the facts do not tend to show that he made any use of the wall, constructed and repaired by appellees, is incorrect. In erecting his north wall he poured the concrete against the wall constructed by appellees, which tended to show that he used said wall as a support for his; and the appropriation of the ledge in their wall, as a support for the roof of his house, tended to establish a use of their wall by him.

The issue therefore of whether he used the wall in any way, constructed and repaired by appellees, was properly submitted to the jury for determination.

Appellant also contends for a reversal of the judgment because the trial court incorrectly instructed the jury as to the measure of damages. In this contention he is right. One-half of the actual cost of the wall, as repaired after the fire for a one-story building, constituted the extent of appellant's liability to appellees. After the fire neither appellees nor appellant desired to build a two-story house. Each used the wall in the construction of a one-story building, and by their acts modified the contract for the construction of the wall in this respect. The contract was not abandoned or abrogated on account of the damage to the original wall by fire, but the wall was repaired by appellees, and used by the parties jointly as a one-story, instead of a two-story, wall.

On account of the error indicated, the judgment is reversed, and the cause is remanded for a new trial.